IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TONY CARTER GREEN, | : |
| Plaintiff, | : |
| vs. | : Civil Action File No. |
| | : **1:08-CV-05 (WLS)** |
| DEREK JAMES, | : |
| Defendant. | : |

_____

## RECOMMENDATION

Presently pending in this *pro se* 42 U.S.C. §1983 action is defendant's pre-answer motion to dismiss (doc. 14).

Plaintiff, an inmate at Calhoun State Prison, alleges that while he was on kitchen detail, he was instructed to operate a meat slicer without safety gloves. (Complaint, Doc. 2, p. 4). Plaintiff claims that his left hand slipped off the frozen liver he was slicing and was cut by the slicer. Id. Plaintiff states that he was treated at the medical department at Calhoun State Prison. Id. Plaintiff has brought this action against Derek James, Food Service Director for Calhoun State Prison, pursuant to 42 U.S.C. §1983 claiming deliberate indifference, reckless endangerment and negligence seeking compensatory and punitive damages.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure raises the defense of failure to state a claim upon which relief can be granted. A 12(b)(6) motion tests the sufficiency of the complaint against the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. To state a sufficient claim for relief under Rule 8(a)(2), only "a short and plain statement ... showing that the pleader is entitled to relief" is required. Fed.R.Civ.P. 8.

A sufficient claim nevertheless "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

In ruling on a motion to dismiss, however, courts should construe the pleadings "broadly," and view the allegations in the complaint "in the light most favorable to the [nonmovant]." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir.2007) (internal quotation marks omitted). If there is "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there is a "plausible" ground for recovery, and a motion to dismiss should be denied. Twombly, 127 S.Ct. at 1965. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal quotation marks omitted).

Because Plaintiff is proceeding *pro se,* his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir.2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998)).

1. *Vicarious Liability*

Defendant asserts that he is entitled to dismissal of this action as plaintiff has only alleged vicarious liability against him.

A supervisory official is not liable under § 1983 solely on the basis of respondeat superior or vicarious liability. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Instead, the

plaintiff must allege that the named defendant actually participated in the alleged constitutional violation, or exercised control or direction over the alleged violation. Gilmere v. City of Atlanta, 774 F.2d 1495, 1504 (11th Cir. 1985). There must be an affirmative link between the defendant's action and the alleged deprivation of a constitutional right. Brown v. Smith, 813 F.2d 1187 (11th Cir. 1987)(concluding that a 42 U.S.C. §1983 claim cannot be based upon vicarious liability).

In his complaint, plaintiff failed to identify specifically who ordered him to operate the meat slicer without the use of safety gloves; however, in his response to the motion to dismiss (doc. 23), plaintiff states that he reported directly to defendant's office on January 4, 2007, and was instructed by defendant to operate the meat slicer to slice 23 cases of frozen liver and was not given safety gloves. Plaintiff states that defendant monitored plaintiff slicing the meat to ensure uniform thickness, and that after plaintiff cut his hand, he laughed at plaintiff and called him clumsy.

A plaintiff may amend his complaint "once as a matter of course" before a responsive pleading is served. Fed.R.Civ.P. 15(a)(1). Construing plaintiff's response to the motion as an amendment, it appears that plaintiff is actually alleging that defendant caused the harm to him; plaintiff is not seeking to hold defendant liable under a claim for vicarious liability.

## 2. *Failure to State Claim*

42 U.S.C. § 1983 provides a cause of action against those who, acting under color of state law, deprive persons "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by…the United States Constitution and federal statutes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). "From this it follows

that "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of [such] a right." Baker, 443 U.S. at 140. In order for Plaintiff to state a claim under Section 1983, he has to allege a right or privilege guaranteed by the Constitution or federal statute that has been deprived. Defendant asserts that plaintiff has failed to state a claim against him.

Plaintiff alleges Defendant Derek James acted with deliberate indifference, reckless endangerment and negligence. (Compl. at p. 5). Of these three purported causes of action, only deliberate indifference is tied to a constitutional right. The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farmer v. Brennan, 511 U.S. 825, 832 (1994). First, the prison official's act or omission must be, objectively, sufficiently serious to result in the denial of the minimal civilized measure of life's necessities. Id. "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id.

The Supreme Court has held that in order to for substantial risk of serious harm to exist, the conditions presenting the risk must be "sure or very likely to cause serious illness and needless suffering," and give rise to "sufficiently imminent dangers." Baze v. Rees, 128 S.Ct. 1520, 1527, (2008) (citing Helling v. McKinney, 509 U.S. 25, 33, 34-35 (1993)).

The second prong that must be satisfied to establish an Eighth Amendment violation is that the prison official must have shown a "deliberate indifference" to inmate health or safety. Id.; Hope v. Pelzer, 536 U.S. 730, 737-38 (2002). The Supreme Court stresses, "deliberate indifference describes a state of mind more blameworthy than negligence … Eighth Amendment

4

liability requires more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835.

Accordingly, the Eleventh Circuit has held, "Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). "Accidents, mistakes, negligence, and medical malpractice are not constitutional violation[s] merely because the victim is a prisoner." Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). As noted in Baze, the Supreme Court has long held, "accidents happen for which no man is to blame, and … such an accident, with no suggestion of malevolence, [does] not give rise to an Eighth Amendment violation."  Baze v. Rees, 128 S.Ct. At 1528. (citing Louisiana ex rel. Francis v. Resweber, 329 U.S. 459 (1947)); *see also* Estelle v. Gamble, 429 U.S. 97, 105 (1976).

To convert conduct that does not even purport to be punishment into conduct violative of the Eighth Amendment, "more than ordinary lack of due care for the prisoner's interests or safety" must be shown. Whitley v. Albers,  475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).

Because deliberate indifference requires a much higher standard of fault than mere or even gross negligence, *see* Bozeman v. Orum,  422 F.3d 1265, 1272 (11th Cir.2005), the risk involved must be of sufficiently serious magnitude-a substantial risk of serious harm, which in this context denotes a "strong likelihood" of serious harm. See Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1115 (11th Cir.2005) ("[D]eliberate indifference requires that the defendant deliberately disregard a *strong likelihood* rather than a mere possibility that the ... harm will occur.") (internal quotation marks omitted).

It is not enough to show that an official is "aware of facts from which the inference *could* be drawn that a substantial risk of serious harm exists"; "he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979 (emphasis added); see also Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir.2008).

Therefore, in order to establish deliberate indifference, a plaintiff must allege that the defendant had (1) subjective knowledge of a substantial risk of serious harm, and yet (2) disregarded that risk (3) "by conduct that is more than mere" or gross negligence. See McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999).

In his response to the motion to dismiss (doc. 23), plaintiff alleges that defendant maliciously "set him up" knowing that plaintiff was unreasonably exposed to danger that could have been alleviated by the use of safety gloves, and in fact laughed at plaintiff upon finding out that plaintiff had cut his hand on the slicer.

Although the undersigned has serious doubts that plaintiff will be able to prove his claim upon a properly filed motion for summary judgment, it appears that plaintiff has now sufficiently alleged a constitutional violation against defendant for deliberate indifference under the Eighth Amendment to the Constitution.  (See Twombly, 127 S.Ct. at 1965. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")

### 3. *Qualified Immunity*

Defendants assert that they are entitled to the defense of qualified immunity for the actions of which plaintiff's complains.

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1992), held that the complaint

6

must be dismissed whenever a defendant asserts the defense of qualified immunity unless the plaintiff is able to demonstrate that the legal norms allegedly violated by the defendant were violations of clearly established constitutional rights. In fact, the Eleventh Circuit has provided more guidance in another § 1983 case in stating that qualified immunity can be stripped only when all reasonable government actors in the defendant's place would know that the discretionary conduct in question violated federal law. Adams v. Poag, 61 F.3d 1537 (11 th Cir. 1996).

Procedurally, the Eleventh Circuit has established a three-pronged analysis for answering this question. First, the public official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002). Once a defendant shows he was acting within his discretionary authority, the burden shifts to the plaintiff to show that immunity is not appropriate. Id. Plaintiff must show both that a federal right was violated and that the right was clearly established at the time it was violated.

Where there is no dispute as to the discretionary nature of the actions complained of, like here, the court looks to determine (1) whether the plaintiff has factually alleged the deprivation of a constitutional right; and (2) whether that right was clearly established at the time of the violation. Epps v. Watson, 492 F.3d 1240, 1243, (quoting Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001)).

Construing plaintiff's claims in his favor, he alleges that defendant deliberately and with malice ordered plaintiff to work with the meat slicer without safety gloves, and then laughed at plaintiff when plaintiff cut his hand, further evidencing his malice, in violation of plaintiff's

constitutional rights under the Eighth Amendment. If the allegations are proven correct, it would appear that defendant is not entitled to qualified immunity.

### 4. *State Law Claims*

In his complaint, plaintiff states a claim for negligence. Defendant asserts that state law negligence claims are inappropriate for consideration. Defendant states that state law claims of negligence do not give rise to a cause of action under §1983, and there is no diversity of citizenship here. Defendant is correct.

"Georgia has 'no equivalent to 42 U.S.C. §1983, which gives a claim against a state officer individually for certain unconstitutional acts.'" Davis v. Standifer, 275 Ga. App. 769, 772 n.2 (621 S.E.2d 852) (2005) (citing Howard v. Miller, 222 Ga. App. 868, 872 (476 S.E.2d 636) (1996)). Therefore, "under state law, the GTCA [Georgia Tort Claims Act] 'constitutes the exclusive remedy for any tort committed by a state officer or employee.'" Id. (citing O.C.G.A. §50-21- 25(a)) (parenthetical added). However, "the GTCA exempts state officers and employees from liability for any torts committed while acting within the scope of their official duties or employment." Id. (citing Ridley v. Johns, 274 Ga. 241, 242 (552 S.E.2d 853) (2001)). Rather, O.C.G.A. § 50-21-28 provides that all tort actions against state government entities under the GTCA "shall be brought in the state or superior court of the county wherein the loss occurred; … ."

Because the GTCA has not waived the State's sovereign immunity for tort claims brought in federal court, the claims asserted herein against Defendant James (but more properly against the GDOC) should be dismissed.

Therefore, it is the RECOMMENDATION of the undersigned that defendant's motion to

dismiss be **GRANTED in part and DENIED in part**.	Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 26th day of February,  2009.

                                    //S Richard L. Hodge
                                    RICHARD L. HODGE
                                    UNITED STATES MAGISTRATE JUDGE

msd