IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TONY CARTER GREEN, | : |
| Plaintiff, | : |
| v. | : 1:08-CV-0005 (WLS) |
| DEREK JAMES, | : |
| Defendant. | : |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Richard L. Hodge, filed February 26, 2009. (Doc. 31). It is recommended by Judge Hodge that Defendant's Motion to Dismiss (Doc. 14) be **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff has filed his written objection. (Doc. 32). Defendant filed a response to Plaintiff's objection (Doc. 36).

## DISCUSSION

The procedural history and facts are set out in the Recommendation in detail. Plaintiff filed his claim against Defendant Derek James, Food Service Director at Calhoun State Penitentiary ("hereinafter, CSP"). Plaintiff's claim alleges violation of 42 U.S.C. § 1983, based upon deliberate indifference, reckless endangerment and negligence and seeks compensatory and punitive damages. Plaintiff alleges that while on kitchen detail at CSP, Defendant instructed him to operate a meat slicer without gloves. Plaintiff alleges that he subsequently sustained a cut to his left hand, that defendant laughed and called him clumsy, and specifically "set him up" knowing that Plaintiff was unreasonably exposed to danger. Magistrate Judge Hodge recommended denying Defendant's motion to dismiss as to all claims, except as to plaintiff's state law negligence claim due to the Georgia Tort Claims Act's sovereign immunity principle.

In his objection, Plaintiff reiterates his alleged subjection to dangerous conditions- his alleged injury set up by Defendant in violation of § 1983 and state law. Plaintiff reiterates that Defendant

1

prolonged medical attention in order to make jokes regarding Plaintiff, despite Plaintiff's cut and the fact that he was bleeding. Plaintiff again states that defendant intended to cause injury, and, therefore, should not be exempt from prosecution under the Georgia Tort Claims Act. Plaintiff also states in his objection that he believes the outcome of the case would be different if he had been granted legal representation. Defendant's response to Plaintiff's objection states his opposition to appointment of counsel for plaintiff, and asserts that Plaintiff's claim does not raise novel or difficult legal issues.

Plaintiff does not advance new arguments unavailable to Magistrate Judge Hodge. Further, Plaintiff's motion to appoint counsel was previously denied by Magistrate Judge Hodge. It is apparent that legal assistance is not required at this juncture- Plaintiff faces no prejudice to his rights. Plaintiff has set forth his legal contentions without the aid of counsel.

## CONCLUSION

Upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 14) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Defendant's Motion to Dismiss (Doc. 14) is **GRANTED-IN-PART** as to Plaintiff's state law negligence claim and **DENIED-IN-PART** as to Plaintiff's § 1983 claim.

SO ORDERED, this  31st   day of March, 2009.

                                                            /s/W. Louis Sands
                                            **THE HONORABLE W. LOUIS SANDS,**
                                            **UNITED STATES DISTRICT JUDGE**