IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TONY CARTER GREEN,<br><br>      Plaintiff<br><br>  VS.<br><br>DEREK JAMES,<br><br>      Defendant | NO.  1:08-CV-5 (WLS)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# ORDER AND RECOMMENDATION

  Plaintiff Tony Carter Green, an inmate at Calhoun State Prison ("CSP"), has brought this action against defendant Derek James, alleged to be the Food Services Director at CSP, pursuant to provisions of 42 U.S.C. §1983.  Tab #2.  He alleges that while he was on kitchen detail, he was instructed to operate a meat slicer without safety gloves and that his left hand slipped off the frozen liver he was slicing and was cut by the slicer.  Thereafter, he was treated at the medical department at Calhoun State Prison.   Plaintiff claims deliberate indifference, reckless endangerment and negligence, seeking compensatory and punitive damages.[1]  Pending in this *pro se* prisoner action is a motion for summary judgment filed by defendant Derek James (Tab #34).

     *Motion for Summary Judgment Filed by Defendant James (Tab #34)*

  In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Welch v. Celotex Corp.*, 951 F.2d 1235 (11th Cir. 1992)(citing *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

---

[1] The claims for reckless endangerment and negligence were dismissed by order at Tab #37.

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

In his complaint, plaintiff Green has failed to identify specifically who ordered him to operate the meat slicer without the use of safety gloves; however, in his response to the motion to dismiss (Tab #23), he states that he reported directly to defendant James' office on January 4, 2007, and was instructed by the defendant to operate the meat slicer to slice 23 cases of frozen liver and was not given safety gloves. He further alleges that defendant James monitored plaintiff slicing the meat to ensure uniform thickness, and that after plaintiff cut his hand, he laughed at plaintiff and called him clumsy. Plaintiff was allowed to amend his complaint to include the new allegations.

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). First, the prison official's act or omission must be, objectively, sufficiently serious to result in the denial of the minimal civilized measure of life's necessities. *Id.* "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*

2

The Supreme Court has held that in order to for substantial risk of serious harm to exist, the conditions presenting the risk must be "sure or very likely to cause serious illness and needless suffering," and give rise to "sufficiently imminent dangers." *Baze v. Rees*, 128 S.Ct. 1520, 1527, (2008) (citing *Helling v. McKinney*, 509 U.S. 25, 33, 34-35 (1993)).

The second prong which must be satisfied to establish an Eighth Amendment violation is that the prison official must have shown a "deliberate indifference" to inmate health or safety. *Id.*; *Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002). The Supreme Court stresses, "deliberate indifference describes a state of mind more blameworthy than negligence . . . Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835.

Accordingly, the Eleventh Circuit has held, "[d]eliberate indifference is not the same thing as negligence or carelessness." *Ray v. Foltz*, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). "Accidents, mistakes, negligence, and medical malpractice are not constitutional violation[s] merely because the victim is a prisoner." *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). As noted in *Baze*, the Supreme Court has long held, "accidents happen for which no man is to blame, and . . . such an accident, with no suggestion of malevolence, [does] not give rise to an Eighth Amendment violation." *Baze v. Rees*, 128 S.Ct. At 1528. (citing *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459 (1947)); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

To convert conduct that does not even purport to be punishment into conduct violative of the Eighth Amendment, "more than ordinary lack of due care for the prisoner's interests or safety" must be shown. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).

Because deliberate indifference requires a much higher standard of fault than mere or even gross negligence, *see Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir.2005), the risk involved must be of sufficiently serious magnitude— a substantial risk of serious harm, which in this context denotes a "strong likelihood" of serious harm. See *Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1115 (11th Cir.2005) ("[D]eliberate indifference requires that the defendant deliberately disregard a *strong likelihood* rather than a mere possibility that the . . . harm will occur.") (internal quotation marks omitted).

3

It is not enough to show that an official is "aware of facts from which the inference *could* be drawn that a substantial risk of serious harm exists"; "he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979 (emphasis added); see also *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir.2008). Therefore, in order to establish deliberate indifference, a plaintiff must allege that the defendant had (1) subjective knowledge of a substantial risk of serious harm, and yet (2) disregarded that risk (3) "by conduct that is more than mere" or gross negligence. See *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir.1999).

According to the affidavit submitted by defendant James, he has been Food Services Director at Calhoun State Prison since July of 2005. (Affidavit of Derek James, Ex. A, ¶ 4 Tab #34). As Food Services Director, James oversees 2 managers, 12 supervisors and approximately 145 inmates (who are assigned to kitchen detail by the classification committee), who provide food service to the inmates at Calhoun State Prison. (*Id.* at ¶ 5). All inmate staff working in the prison's food services, including inmate Tony Green, are given a Food Service and Safety Orientation regarding various issues including food preparation and safety. (*Id.* at ¶ 6 & 7 and attachment 1 thereto).

As part of this orientation, plaintiff Green was instructed, among other things, that he is to "wear steel mesh gloves when using slicer … ." (*Id.* at ¶ 8 and attachment 1 thereto). Though he has various supervisory and administrative duties, defendant James is not involved in the daily supervision of inmates performing food preparation. (*Id.* at ¶ 9). Rather, it is the 12 supervisors, who are non-inmate employees, who work directly with the inmates and are responsible for general supervision of the inmates, including assignment of daily kitchen duties, disbursement of equipment and security. (*Id.* at ¶ 11). However, defendant James does directly provide safety instruction to the inmate staff in periodic meetings with them. In addition, defendant James has regularly scheduled monthly meetings with his kitchen supervisors who are expected to relay any safety information to the inmate staff they oversee. (*Id.* at ¶ 10 & 12).

4

Defendant James denies that he had any direct supervision of the plaintiff on the day in question. Rather, on January 4, 2007, plaintiff Green's supervisor assigned him to the "meat slicing" room to cut large pieces of meat into portion sizes for individual consumption. (*Id.* at ¶ 16; Plaintiff's Complaint, Tab #2, p. 4). However, inmate Green's supervisor did not provide him with the safety gloves normally given to inmates operating the meat slicer. (James Affid., ¶ 18; Tab #2, p. 4). Subsequently, inmate Green suffered a cut to his left hand. (Affidavit of Linda Bridges, Exhibit B, ¶ 8 and attachment 2 thereto; Tab #2, p. 4).

For this injury, inmate Green was treated by the medical staff at Calhoun State Prison on January 4, 2007. (Bridges Affid., ¶ 8, and attachment 2). His wound was cleaned, antibiotic ointment was applied, and the wound was dressed with gauze or a bandage; no stitches were necessary. Plaintiff Green was scheduled for a follow up to ensure the wound was healing properly. *Id.* He was seen again on January 9, 2007; his wound was inspected by Physician's Assistant Larry Edwards who noted that the wound was healing. Plaintiff was not seen for this injury after this date. (*Id.* at ¶ 9, and attachment 3 thereto).

When defendant James was made aware of plaintiff's accident, he counseled plaintiff Green's kitchen supervisor about issuing safety equipment and the need to do so. (James Affid., ¶ 18; Affidavit of Remika Christian, Exhibit C, ¶ 7 and attachments 1, 2 & 3, thereto Tab #34). After the accident, plaintiff Green filed grievances with Calhoun State Prison stating that his accident was the result of negligence by his first-shift food supervisor. (Christian Affid. at ¶ 6 & 8 and attachments 1 & 2 thereto Tab #34). In his response to the grievance, defendant James acknowledged that plaintiff had not been given gloves by the first shift supervisor and indicated that the supervisor was counseled for failing to do so.

5

In his response to the motion (Tab #38), plaintiff Green again asserts that defendant James was the one who gave plaintiff the order to slice meat without safety gloves and then laughed at plaintiff while plaintiff was bleeding and in need of medical attention. However, this statement is not sworn; nor is any other statement in the record by plaintiff that verifies this version of the events. **In fact, and very importantly, his grievances indicate that it was the <u>first</u> <u>shift</u> <u>supervisor</u> who so instructed plaintiff— not defendant James.**

Where the "Plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether the jury could reasonably find for the plaintiff, and thus whether there are any genuine issues of material fact, without making some assessment of the Plaintiff's account." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). Further, the Eleventh Circuit has held where a plaintiff only submits a "conclusory allegation, unsupported by any physical evidence, medical records, or corroborating testimony of witnesses … [they] discount it" and it is insufficient to defeat a motion for summary judgment. *Bennett v. Parker*, 898 F.2d 1530, 1533- 34 (11th Cir. 1990).

A supervisory official is not liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, the plaintiff must allege that the named defendant actually participated in the alleged constitutional violation, or exercised control or direction over the alleged violation. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985). There must be an affirmative link between the defendant's action and the alleged deprivation of a constitutional right. *Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987)(concluding that a 42 U.S.C. §1983 claim cannot be based upon vicarious liability).

However, even assuming *arguendo* that defendant James was the one who told plaintiff to operate the meat slicer without protective gloves, plaintiff still cannot prevail as he cannot show that defendant Green was deliberately indifferent to a significant risk of serious harm.

6

As stated above, plaintiff Green's injury did not threaten life or limb and did not even require stitches. Rather, the cut to his hand merely required antibiotic medication, a dressing and a follow-up visit to ensure that the cut was healing correctly. After these two doctor visits, plaintiff Green did not need any further medical attention.

As for the second prong of the analysis, even if inmate Green could establish that he faced a substantial risk of serious harm, he cannot demonstrate that defendant James was deliberately indifferent to any such risk. "Deliberate indifference is not the same thing as negligence or carelessness." *Ray v. Foltz*, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). "Accidents, mistakes, negligence, and medical malpractice are not constitutional violation[s] merely because the victim is a prisoner." *Harris v. Coweta County,* 21 F.3d 388, 393 (11th Cir. 1994). Rather, to demonstrate "deliberate indifference," the Supreme Court has held that the prison official must "know[] of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that substantial risk or serious harm exists, and he must also draw this inference." *Farmer*, 511 U.S. at 837. "But an official failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838

"[D]eliberate indifference describes a state of mind more blameworthy than negligence … Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835. At most, plaintiff Green has alleged a lack of due care or negligence which does not violate the constitution in an Eighth Amendment context. Complaints which are based upon the theory of negligence are not actionable under 42 U.S.C. § 1983. *Daniels v. Williams,* 474 U.S. 327, 88 L. Ed.2d 662, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1986).

In light of the foregoing, IT IS RECOMMENDED that the motion for summary judgment filed on behalf of defendant Green be **GRANTED.**   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** of receipt thereof

*Plaintiff's Motion for Verification (Tab #41)*

Plaintiff Green files this motion to verify whether his state law claims have been dismissed. Indeed they have been dismissed by order dated March 31, 2009. Tab #37.  Therefore, plaintiff's motion is **GRANTED**, as his question has now been answered.

**SO ORDERED AND RECOMMENDED**, this 9th day of FEBRUARY, 2010.



                                        CLAUDE W. HICKS, JR.
                                        UNITED STATES MAGISTRATE JUDGE