IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TONY CARTER GREEN, | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 1:08-CV-5 (WLS) |
| DEREK JAMES, | : | |
| Defendant. | : | |

### ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. filed February 9, 2010. (Doc. 42). It is recommended that Defendant's Motion for Summary Judgment (Doc. 34) be **GRANTED**. Plaintiff timely filed an objection to the Report and Recommendation on February 26, 2010. (Doc. 43). For the following reasons, Plaintiff's Objections (Doc. 43) are **OVERRULED** and United States Magistrate Judge Hicks's Report and Recommendation (Doc. 42) is **ACCEPTED, ADOPTED** and made the Order of this Court.

### DISCUSSION

In the recommendation, Judge Hicks found that conflicting allegations and unsworn statements by Plaintiff failed to sufficiently rebut Defendant's sworn assertions that he did not directly supervise Plaintiff on the day he sustained a cut to his left hand while operating a meat slicer without gloves; that Plaintiff's supervisor assigned Plaintiff to the slicing task on the day Plaintiff was cut; and that Plaintiff's supervisor failed to provide Plaintiff with safety gloves normally given to inmates operating the meat slicer and was counseled by Defendant for his failure to do so. Judge Hicks found further that even assuming *arguendo* that Defendant was the

1

individual who told Plaintiff to operate the meat slicer without protective gloves, Plaintiff cannot prevail as he cannot show that Defendant was deliberately indifferent to a significant risk of serious harm, necessary to establish Plaintiff's 42 U.S.C. § 1983 claim. Judge Hicks found that Plaintiff's injury did not threaten life or limb and merely required antibiotic medication, a dressing, and a follow-up visit to ensure the cut correctly healed; and, Plaintiff's allegations merely amount to negligence, which is insufficient to establish indifference to substantial risk of serious harm. Therefore, Judge Hicks recommended that Defendant's Motion for Summary Judgment (Doc. 34) be granted.

Plaintiff reiterates his belief that he should have been provided with legal counsel.[1] Further, Plaintiff contends that Defendant deceitfully accuses staff despite the knowledge that Defendant alone is responsible for Plaintiff's cut. Plaintiff also asserts that he suffered more than a simple injury and has a permanent scar.

In his objection, Plaintiff does not advance new arguments unavailable to Judge Hicks. Judge Hicks considered the parties' affidavits and exhibits, including Plaintiff's medical records and initial informal grievance form. Thus, Judge Hicks properly found that Plaintiff failed to rebut Defendant's argument that Plaintiff cannot meet his burden of proving an essential element of his claim- existence of more than mere negligence to establish deliberate indifference. Further, Plaintiff makes no attempt to address the discrepancy between his initial informal grievance which stated that the first shift food supervisor [not Defendant Green] instructed him to "operate the meat slicer without protection[sic] gear" (Doc. 34-12 at 2), and his subsequent allegations that Defendant Green instructed him to operate the slicer without gloves. Plaintiff's

---

[1] Magistrate Judge Richard L. Hodge denied Plaintiff's request for counsel on August 27, 2008. (Doc. 30). The Court also denied Plaintiff's request for legal counsel on March 31, 2009. (Doc. 37 at 2). Further, to the extent that Plaintiff's Objection (Doc. 43) is a reconsideration of his request for the appointment of legal counsel, said requested reconsideration is **DENIED** and is untimely. *See* L.R. 7.6.

stated disagreement stands in stark contrast to Defendant's sworn affidavits, medical records attesting to the lack of a serious injury, and Plaintiff's filed grievance which point to, at best, negligence.  Therefore, Judge Hicks properly found that no genuine issue of material fact exists such that summary judgment should not be granted.

## CONCLUSION

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 42) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, as modified, for reason of the findings made and reasons stated therein, together with the findings made and reasons stated herein.  Accordingly, Defendant's Motion for Summary Judgment (Doc. 34) is **GRANTED**.  Judgment shall be entered for Defendant.

**SO ORDERED**, this 3rd day of March, 2010.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**